CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

OCT 2 8 2009

BY: JOHN F. CORCORAN, CLERK
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ROMANIA PETER CUNNINGHAM,          )
                                   )
              Petitioner,          )     Case No. 7:09CV00432
                                   )
v.                                 )
                                   )     **MEMORANDUM OPINION**
                                   )
FEDERAL BUREAU OF PRISONS,         )     By:  Glen E. Conrad
                                   )     United States District Judge
              Respondent.          )

     Petitioner Romania Peter Cunningham, a federal inmate proceeding pro se, brings this

action as a petition for a writ of mandamus, pursuant to 28 U.S.C. § 1361.  In his petition,

Cunningham seeks an order compelling unnamed officials of the Federal Bureau of Prisons

("BOP") to accept and respond in a timely manner to inmate requests at each level of the prison

grievance procedures.  Upon review of the record, the court finds that the petition must be

summarily dismissed, as it is clear that petitioner is not entitled to the relief he seeks.

### Background

     Cunningham alleges the following facts on which he apparently bases his petition.  In

January 2007, he instituted an administrative remedy proceeding asking for reversal of the BOP

education department's refusal to enter a "grandfather clause exemption[1] in favor of Mr.

Cunningham as required by law that would [enable] him to rec[eive] a substan[tial] pay grade II

level increase as well as a large lump sum award in back pay owed to" him.  He asserts that in

---

[1]  One of Cunningham's submissions appears to indicate that an inmate who qualifies for a
"grandfather clause" exception is exempted from participation in the BOP's literacy program and may,
nevertheless, continue in the pay grade to which he had been previously assigned.

issuing this refusal, an unnamed executive prison official abused his discretion. He seems to allege that his January 2007 administrative remedy request was held for one month and then returned to him, unanswered, with instructions that he could proceed to the next level of the administrative remedies procedure. He complains that returning the request without an answer was designed to prevent him from exhausting administrative remedies as required under 42 U.S.C. § 1997e(a) or to cause unnecessary delay in the exhaustion process.

## Discussion

Mandamus relief is available only when the petitioner has a clear right to the relief sought. In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988). Further, mandamus is a drastic remedy and should only be used in extraordinary circumstances. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976); In re Beard, 811 F.2d 818, 826 (4th Cir.1987).

> The party seeking a writ of mandamus must satisfy the conditions of a rigorous test, demonstrating each and every one of the following requirements: (1) he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances.

In re Braxton, 258 F.3d 250, 261 (4th Cir.2001), (citing United States ex rel. Rahman v. Oncology Assocs., P.C., 198 F.3d 502, 511(4th Cir.1999)). Applying these principles to Cunningham's mandamus petition, the court concludes that he has not demonstrated that he meets all aspects of the conditions required in order to warrant mandamus relief.

First, Cunningham fails to demonstrate that prison officials must, in every instance, respond to the issue raised in an inmate's administrative remedy request. The BOP has

established a multi-tiered administrative remedy process as set forth in 28 C.F.R. §§ 542.10 -

542.19. Section § 542.17(a) authorizes prison officials, under certain circumstances, to reject an

inmate administrative remedy request without answering the issue therein raised.

Second, even if Cunningham has demonstrated that under the circumstances in his case,

the official's response to his request was inadequate, he had other remedies besides this petition

for mandamus. If an inmate's request is rejected and he is not given an opportunity to correct a

defect and resubmit his request, his remedy is to appeal to the next level of the administrative

remedy procedure. § 542.17(c). Cunningham does not allege or offer exhibits indicating that he

ever appealed the rejection of his January 2007 request regarding the grandfather clause problem.

His submissions also do not indicate that he attempted refiling his request about the grandfather

clause issue at any time during the two years and eighth months since his initial attempted

request.

Because Cunningham does not demonstrate (a) that he "has a clear and indisputable right

to the relief sought" (to receive an answer to the issue raised in his inmate request), (b) that

prison officials have a "clear duty to do the specific act requested" (respond directly to the issue

in Cunningham's request), or (c) that he has "no other adequate means" to obtain a response from

prison officials about the grandfather clause issue, he fails to meet the prerequisites for

mandamus relief. In re Braxton, 258 F.3d at 261. Accordingly, the court cannot find that he is

entitled to the relief sought and will dismiss his petition without prejudice.

### Conclusion

As petitioner fails to demonstrate that he is entitled to the mandamus relief requested, his

petition will be summarily dismissed. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and counsel of record for the respondent.

ENTER: This ___27ᵗʰ___ day of October, 2009.

_____
United States District Judge